# SUNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| IAN HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV414-201 |
| BRIAN OWENS, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Inmate Ian Harris, a 28 U.S.C. § 1915(g) three-striker, has submitted for filing yet another § 1915(g)-barred complaint. Doc. 1. He admits that he is a three-striker but insists that he has changed his name to Ian Maurice Zion and yet, prison authorities won't acknowledge it. *Id.* at 1-2. This has interfered with his banking and business interests. *Id.* at 2. Naming Georgia Department of Corrections Commissioner Brian Owens as his defendant, he wants an injunction "stopping them from depriving me of my identity." *Id.*

He also seeks leave to proceed *in forma pauperis* (IFP). Doc. 2. Ordinarily, he would be required to pay $350 to file this case. 28 U.S.C. § 1914. But indigent prisoners may avoid prepayment of the filing fee if

they proceed IFP under 28 U.S.C. § 1915. Serial-filers, however, must surmount § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner barred from proceeding IFP due to § 1915(g)'s "three strikes" provision must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

As noted in *Harris v. Augusta State Medical Prison*, CV114-031, doc. 3 (S.D. Ga. Feb. 20, 2014), plaintiff has at least three strikes under § 1915(g). *Id.* at 3; *see also Harris v. United States Marshall*, CV414-039, doc. 3 (S.D. Ga. Mar. 13, 2014) (advising § 1915(g) dismissal), *adopted*,

doc. 6 (S.D. Ga. Apr. 4, 2014). Accordingly, without a showing of "imminent danger of serious physical injury," his complaint is subject to dismissal. To fit within the "imminent danger" exception, Harris must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752 at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350 at *2 (N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v. Allen*, 2007 WL 484547 at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Harris does not allege that he faces any sort of present danger, imminent or otherwise. Because he is three-strikes barred, his complaint -- which is otherwise facially frivolous -- should be **DISMISSED WITHOUT PREJUDICE**. But he also is warned that the Court will not tolerate further consumption of its resources with patently frivolous filings, and is free to apply its "*Finch* remedy" to Harris in the future:

As to any future civil actions sought to be commenced in forma pauperis ("IFP") by Finch, the Clerk shall receive the papers, open a single miscellaneous file for tracking purposes, and forward the papers to the undersigned [district judge] for a determination as to whether they present a claim with any arguable merit. Only if the pleading alleges a plausible claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster under 28 U.S.C. § 1915(e) will be dismissed without any further judicial action after 30 days from the date the complaint is received by the Clerk, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir.1997) (Easterbrook, J.). Thus, although the Court will read and consider any future complaint that Finch endeavors to file IFP, it will not necessarily enter an order addressing that complaint. If no order is forthcoming, then 30 days after the complaint's receipt the Clerk shall, without awaiting any further direction, notify Finch that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

*Finch-Grant v. Lang*, 2014 WL 4385716 at * 1 (S.D. Ga. Sept. 4, 2014).

**SO REPORTED AND RECOMMENDED** this 20²ᴺᴰ day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA